Hongchang Deng (Cal. Bar No. 354529)
Deng.hongchang@shm.law
SHM LAW FIRM
25F, China Resources Tower
2666 Keyuan South Road, Nanshan
Shenzhen, 518052, China
M: +8618681567690

*Attorneys for Plaintiffs*
*GUANGZHOU SHANSHUI TONGXUN SHEBEI YOUXIAN GONGSI*
*HK SANLI TRADING CO., LIMITED*
*HONGKONG YUANHONG ET LIMITED*
*SHEN ZHEN SHI MA SI KA KE JI YOU XIAN GONG SI*
*SHENZHEN SHI SHUN XING TONG KE JI YOU XIAN GONG SI*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUANGZHOU SHANSHUI TONGXUN SHEBEI YOUXIAN GONGSI, HK SANLI TRADING CO., LIMITED, HONGKONG YUANHONG ET LIMITED, SHEN ZHEN SHI MA SI KA KE JI YOU XIAN GONG SI AND SHENZHEN SHI SHUN XING TONG KE JI YOU XIAN GONG SI,<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>Phone Lasso, LLC,<br><br>　　　　Defendant. | **COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF**<br><br>DEMAND FOR JURY TRIAL |

COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

SHM LAW FIRM
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

Case 5:25-cv-00828-D-RJ    Document 1    Filed 05/03/25    Page 1 of 17

Plaintiffs GUANGZHOU SHANSHUI TONGXUN SHEBEI YOUXIAN GONGSI ("SHANSHUI"), HK SANLI TRADING CO., LIMITED ("SANLI"), HONGKONG YUANHONG ET LIMITED ("YUANHONG"), SHEN ZHEN SHI MA SI KA KE JI YOU XIAN GONG SI ("MASIKA"), and SHENZHEN SHI SHUN XING TONG KE JI YOU XIAN GONG SI ("SHUNXINGTONG") (collectively, "Plaintiffs") hereby file this Complaint for Declaratory Judgment of Non-infringement against Defendant Phone Lasso, LLC ("Defendant"). In support thereof, Plaintiffs allege as follows:

## NATURE OF THE ACTION

1. This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and the United States Patent Act, 35 U.S.C. § 1 et seq.

2. Plaintiffs seek declaratory judgments that U.S. Patent No. US 8,523,031 ("the '031 Patent") is not infringed by Plaintiffs' phone lanyard products (collectively referred to as "the Non-Infringing Phone Lanyards"). A true and correct copy of the '031 Patent is attached hereto as Exhibit 1.

3. Plaintiffs bring this action in view of the actual controversy created by Defendant under the '031 Patent. Defendant initiated an APEX proceeding with Amazon against Plaintiffs' Non-Infringing Phone Lanyards, which threatens

COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

SHM LAW FIRM
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

Case 5:25-cv-00828-D-RJ    Document 1    Filed 05/03/25    Page 2 of 17

removal of Plaintiffs' listings from Amazon.com, hereby placing Plaintiffs' business operations at imminent risk.

## PARTIES

4. Plaintiff GUANGZHOU SHANSHUI TONGXUN SHEBEI YOUXIAN GONGSI is a Chinese corporation with its principal place of business at Room 101, No. 2 Tanwei Road, Liwan District, Guangzhou City, Guangdong Province, China.

5. Plaintiff HK SANLI TRADING CO., LIMITED is a Hong Kong limited company with its principal place of business at Room 1401, Cambridge House, 26–28 Cameron Road, Tsim Sha Tsui, Kowloon, Hong Kong.

6. Plaintiff HONGKONG YUANHONG ET LIMITED is a Hong Kong limited company with its principal place of business at Room 18, 27/F, Ho King Commercial Centre, 2–16 Fuyuen Street, Mongkok, Kowloon, Hong Kong.

7. Plaintiff SHEN ZHEN SHI MA SI KA KE JI YOU XIAN GONG SI is a Chinese corporation with its principal place of business at Unit C2606, Building A/B/C, Qunxing Plaza, No. 38 Hongli Road, Licun Community, Huaqiangbei Subdistrict, Futian District, Shenzhen City, Guangdong Province, China.

8. Plaintiff SHENZHEN SHI SHUN XING TONG KE JI YOU XIAN GONG SI is a Chinese corporation with its principal place of business at Unit C2606, Building A/B/C, Qunxing Plaza, No. 2015 Hongli Road, Licun Community,

COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

SHM LAW FIRM
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

Case 5:25-cv-00828-D-RJ   Document 1   Filed 05/03/25   Page 3 of 17

Huaqiangbei Subdistrict, Futian District, Shenzhen City, Guangdong Province, China.

9. Upon information and belief, Phone Lasso, LLC is a limited liability company organized under the laws of the State of North Carolina, with its principal place of business at 7474 Creedmoor Road, Suite 277, Raleigh, North Carolina 27613.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction under 28 U.S.C. §§ 2201, 2202, 1331, and 1338(a) because this action arises under the laws of the United States, including the Patent Act, 35 U.S.C. § 100 et seq.

11. An actual case or controversy exists between the parties. Defendant initiated an APEX proceeding with Amazon, alleging that Plaintiffs' Non-Infringing Phone Lanyards infringe the '031 Patent. This enforcement activity threatens to remove Plaintiffs' listings from Amazon.com and places Plaintiffs' ongoing business operations at risk, giving rise to an actual controversy under 28 U.S.C. §§ 2201 et seq.

12. This Court has personal jurisdiction over Defendant because Defendant has purposefully directed enforcement activities into this judicial district. Defendant initiated an Amazon Patent Evaluation Express (APEX) proceeding against Plaintiffs' Non-Infringing Phone Lanyards, which created a direct and

COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

SHM LAW FIRM
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

Case 5:25-cv-00828-D-RJ    Document 1    Filed 05/03/25    Page 4 of 17

foreseeable impact on Plaintiffs' business in this District, including the potential delisting of Plaintiffs' products and disruption of their business operations in California.

13. On information and belief, Defendant engages in commercial activity within the State of California, including marketing and offering for sale products allegedly covered by the asserted patent to California residents, thereby establishing sufficient minimum contacts with this forum.

14. As of the date of this filing, Defendant operates an interactive website that targets consumers nationwide, including in California. By enforcing its patent rights in a manner that disrupts Plaintiffs' e-commerce sales in this District, Defendant is subject to specific personal jurisdiction.

15. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this action occurred in this District.

16. Defendant's enforcement actions, including its APEX complaint to Amazon, directly threaten Plaintiffs' product listings and sales activities that occur, in part, within this District. Plaintiffs sell products nationwide, including to customers located in California, and the impact of Defendant's actions is felt within this District.

17. By targeting California-based commerce and attempting to exclude

COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

SHM LAW FIRM
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

Case 5:25-cv-00828-D-RJ    Document 1    Filed 05/03/25    Page 5 of 17

Plaintiffs' products from the national marketplace, including sales into this District, Defendant has caused harm within this forum, making venue proper.

## FACTUAL BACKGROUND

### A. the Non-Infringing Phone Lanyards

18. Plaintiffs conduct business through storefronts on Amazon.com under the names "SHANSHUI CASE," "takyu," "YUAN-HONG," "COCASE," and "Doormoon," respectively offering a variety of phone lanyard products for sale.

19. Plaintiff GUANGZHOU SHANSHUI TONGXUN SHEBEI YOUXIAN GONGSI operates the Amazon storefront SHANSHUI CASE, which sells the Non-Infringing Phone Lanyards identified by Amazon Standard Identification Numbers (ASINs), including but not limited to B083158CBJ and B0C5H734B3.

20. Plaintiff HK SANLI TRADING CO., LIMITED operates the Amazon storefront takyu, which sells the Non-Infringing Phone Lanyards identified by ASINs, including but not limited to B0CQ8796QK and B08CJZF5R7.

21. Plaintiff Hongkong Yuanhong ET Limited operates the Amazon storefront YUAN-HONG, which sells the Non-Infringing Phone Lanyards identified by ASINs, including but not limited to B07ZNX61ZB.

22. Plaintiff Shen Zhen Shi Ma Si Ka Ke Ji You Xian Gong Si operates the Amazon storefront COCASE, which sells the Non-Infringing Phone Lanyards

COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

SHM LAW FIRM
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

Case 5:25-cv-00828-D-RJ   Document 1   Filed 05/03/25   Page 6 of 17

1 identified by ASINs, including but not limited to B096KTWFQW.

2    23.    Plaintiff Shenzhen Shi Shun Xing Tong Ke Ji You Xian Gong Si
3 operates the Amazon storefront Doormoon, which sells the Non-Infringing Phone
4 Lanyards identified by ASINs, including but not limited to B07ZSDFY85.

5    24.    On or about April 15, 2025, Defendant filed an APEX patent
6 infringement complaint with Amazon, alleging that the above-listed ASINs infringe
7 the '031 Patent. As of the date of filing this Complaint, Amazon has not yet
8 removed the accused listings, but has set a response deadline of May 6, 2025.
9 Plaintiffs remain at risk of imminent delisting due to Defendant's enforcement
10 action. *See* EXHIBIT 2, Amazon Notices of Patent Complaint.

11    25.    The Amazon marketplace constitutes Plaintiffs' primary sales channel
12 into the United States. To remain competitive in the market for mobile accessories,
13 Plaintiffs must maintain uninterrupted access to Amazon's platform. Defendant's
14 submission of an APEX complaint threatens to exclude Plaintiffs' Non-Infringing
15 Phone Lanyards from their largest channel of trade, causing immediate and
16 irreparable harm.

17    26.    Upon information and belief, Defendant did not obtain any samples of
18 Plaintiffs' Non-Infringing Phone Lanyards prior to filing its APEX complaint with
19 Amazon alleging Plaintiffs' infringement.

20 **B.    U.S. Patent NO. US 8, 523, 031**

COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

SHM LAW FIRM
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

Case 5:25-cv-03828-␣-RJ    Document 1    Filed 05/03/25    Page 7 of 17

27. The application for the '031 Patent was filed on December 9, 2011. The '031 Patent was issued on September 3, 2013.

28. The '031 Patent lists Shane Hedrick as the inventor. The patent was subsequently assigned to PHONE LASSO, LLC on December 31, 2015. *See* Exhibit 1, the '031 Patent, cover page and USPTO assignment record.

29. The '031 Patent is titled "Lanyard Apparatus for Carrying Devices" and the Abstract states "[a]n apparatus for carrying hand held electronic and other types of devices includes a flexible substrate and a lanyard secured to the substrate … a layer of adhesive material is applied to at least a portion of the substrate first surface… and a protective layer of material is releasably secured to the adhesive material [...]" *See id.*

30. Claims 1 and 20 are the only independent claims of the '031 Patent.

31. Claim 1 requires:

> a protective layer of material releasably secured to the adhesive material which, when removed, exposes the adhesive material and allows the substrate to be secured to a housing of a hand held electronic device via the adhesive material;

*See* Exhibit 1 at 9:10–14.

32. Claim 20 requires:

> a protective layer of material releasably secured to the adhesive

COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

SHM LAW FIRM
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

Case 5:25-cv-03828-D-RJ   Document 1   Filed 05/03/25   Page 8 of 17

material which, when removed, exposes the adhesive material and allows the substrate to be secured to a housing of a hand held electronic device via the adhesive material;

*See* Exhibit 1 at 10:18–22.

33. Accordingly, all claims in the '031 Patent require a protective layer releasably secured to the adhesive material.

34. Claim 1 also requires:

the protective layer includes one or more patterns to facilitate forming cutouts in the substrate and securing the substrate to the housing of the hand held electronic device.

*See* Exhibit 1 at 9:17–20.

35. Claim 20 also requires:

the protective layer includes one or more patterns to facilitate forming cutouts in the substrate and securing the substrate to the housing of the hand held electronic device.

*See* Exhibit 1 at 10:26–29.

36. Accordingly, all claims in the '031 Patent require that the protective layer include one or more patterns to facilitate forming cutouts in the substrate and securing the substrate to the device.

**C. Defendant's Bad-Faith Enforcement and Refusal to Withdraw Its**

COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

SHM LAW FIRM
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

Case 5:25-cv-00828-D-RJ    Document 1    Filed 05/03/25    Page 9 of 17

**Baseless Complaint**

37. On April 29, 2025 (Pacific Time), Plaintiffs' counsel provided a non-infringement analysis specifically addressing the ASINs named in this action and requested that Defendant immediately withdraw the pending APEX complaint. Plaintiffs' counsel also requested a telephone conference to discuss the matter on May 1, 2025 (Pacific Time). Defendant's counsel responded on April 30, 2025 (Pacific Time), stating that they were not available for a conference until May 5, 2025—the day before the deadline to elect participation in the APEX process.

38. Despite receiving detailed notices explaining why the accused products do not infringe, Defendant failed to withdraw or modify its Amazon enforcement action. Defendant continued its enforcement action against Plaintiffs with knowledge of the products' non-infringing nature and without conducting a reasonable pre-filing investigation. As of the filing of this lawsuit, Plaintiffs have not received any indication that Defendant has withdrawn or modified its enforcement action.

39. Given that Amazon's APEX procedure is a Limited Procedure, which imposes significant restrictions on the scope of Defendant's defenses and lacks reasonable and necessary evidence disclosure procedures, Defendant is concerned that the APEX procedure will not adequately protect its rights. As a result, Defendant has been forced to initiate litigation in order to seek protection of its

COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

SHM LAW FIRM
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

Case 3:25-cv-00828-D-RJ   Document 1   Filed 05/03/25   Page 10 of 17

rights through a fair legal process. *See* EXHIBIT 3: Amazon Patent Evaluation Express Procedure.

## COUNT I

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,523,031

40. Plaintiffs repeat and reallege each of the preceding paragraphs as if they are restated here and incorporates them by reference.

41. Plaintiffs have not infringed and do not infringe any valid and enforceable claim of the '031 Patent either directly, contributorily, or by inducement, literally or under the doctrine of equivalents, including through the making, use, importation into the United States, sale, and/or offer for sale of Plaintiffs' Non-Infringing Phone Lanyards.

42. The Non-Infringing Phone Lanyards do not infringe at least claim 1 of the '031 Patent because they do not include every limitation required by claim 1. For example, the Non-Infringing Phone Lanyards lack the limitation that "the protective layer includes one or more patterns to facilitate forming cutouts in the substrate and securing the substrate to the housing of the hand held electronic device."

43. Additionally, some of the Non-Infringing Phone Lanyards do not infringe at least claim 1 of the '031 Patent because they do not include the limitation that "a protective layer of material [is] releasably secured to the adhesive material."

COMPLAINT FOR
DECLARATORY JUDGMENT
AND OTHER RELIEF

SHM LAW FIRM
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

Case 3:25-cv-00828-D-RJ    Document 1    Filed 05/03/25    Page 11 of 17

For example, ASIN B0CQ8796QK does not include any protective layer at all, nor does it have adhesive material that would support a releasable protective layer.

44. The Non-Infringing Phone Lanyards also do not infringe at least claim 20 of the '031 Patent because they do not include every limitation required by claim 20. For example, the Non-Infringing Phone Lanyards lack the limitation that "the protective layer includes one or more patterns to facilitate forming cutouts in the substrate and securing the substrate to the housing of the hand held electronic device."

45. Additionally, some of the Non-Infringing Phone Lanyards do not infringe at least claim 20 of the '031 Patent because they do not include the limitation that "a protective layer of material [is] releasably secured to the adhesive material." For example, ASIN B0CQ8796QK does not include any protective layer at all, nor does it have adhesive material that would support a releasable protective layer.

46. An actual and justiciable case or controversy therefore exists between Plaintiffs and Defendant regarding whether the Non-Infringing Phone Lanyards have infringed the claims of the '031 Patent. Declaratory relief is thus appropriate and necessary to establish that the making, using, importation, sale, or offer of sale of the Non-Infringing Phone Lanyards do not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '031

COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

Case 3:25-cv-00828-D-RJ    Document 1    Filed 05/03/25    Page 12 of 17

Patent. Plaintiffs are entitled to a judgment declaring that it has not infringed and will not infringe any claim of the '031 Patent. Such relief is further warranted by Defendant's bad-faith enforcement actions and failure to conduct a reasonable pre-filing investigation despite receiving multiple notices of non-infringement.

## COUNT II

**State Law Unfair Competition – Cal. Bus. & Prof. Code § 17200**

47. Plaintiffs repeat and reallege each of the preceding paragraphs as if they are restated here and incorporates them by reference.

48. Defendant's acts, as set forth above, constitute unlawful, unfair, and/or fraudulent business practices as defined under California Business and Professions Code § 17200, et seq.

49. Defendant has acted unlawfully and unfairly by submitting baseless intellectual property complaints to Amazon under its APEX system, falsely alleging that Plaintiffs' Non-Infringing Phone Lanyards infringe U.S. Patent No. 8,523,031.

50. Defendant's abuse of Amazon's IP enforcement mechanisms threatens to interfere with lawful commerce and causes substantial and unjustified burden on Plaintiffs, who must expend time and legal resources to defend against an objectively baseless claim that lacks any support under the patent laws.

51. As a direct and proximate result of Defendant's unfair competition, Plaintiffs have been materially harmed and continue to face imminent risk of

COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

SHM LAW FIRM
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

Case 3:25-cv-00828-D-RJ    Document 1    Filed 05/03/25    Page 13 of 17

business disruption, reputational harm, and economic loss. The exact amount of damages and injunctive relief will be proven at trial.

## COUNT III

### Tortious Interference

52. Plaintiffs repeat and reallege each of the preceding paragraphs as if they are restated here and incorporates them by reference.

53. Plaintiffs operate storefronts on Amazon.com pursuant to the Amazon Services Business Solutions Agreement and enjoy ongoing and advantageous economic relationships with Amazon and its customers, including continued sales of the Non-Infringing Phone Lanyards.

54. Defendant knowingly and intentionally interfered with these relationships by submitting a baseless APEX complaint to Amazon, despite knowing or recklessly disregarding the fact that Plaintiffs' Phone Lanyards do not infringe any valid claim of the '031 Patent. Defendant's conduct was done for the improper purpose of harming a competitor and gaining commercial advantage, and by improper means, namely by asserting a knowingly baseless patent claim.

55. Although the ASINs have not yet been removed, Defendant's APEX complaint has already disrupted Plaintiffs' business operations by forcing Plaintiffs to divert internal resources to investigate and respond to the complaint and creating uncertainty in Plaintiffs' commercial relationships.

COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

SHM LAW FIRM
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

Case 3:25-cv-00828-D-RJ   Document 1   Filed 05/03/25   Page 14 of 17

56. Defendant's actions have further undermined Plaintiffs' trust relationship with Amazon and caused Plaintiffs to expend legal resources to defend its right to operate. Plaintiffs face a real and immediate risk of future harm, including potential takedowns, loss of rankings, and decreased customer confidence.

57. These harms include legal expense, internal resource diversion, risk of revenue disruption, and damage to Plaintiffs' standing with Amazon. The amount of damages and equitable relief sought will be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for the following relief:

A. A judgment declaring that the manufacture, use, offer for sale, sale, and/or importation of the Non-Infringing Phone Lanyards have not infringed and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '031 Patent;

B. Entry of judgment finding Defendant liable for tortious interference with Plaintiffs' business relationship;

C. Entry of judgment finding Defendant liable for unfair competition under California Business and Professions Code § 17200, *et seq.*;

D. An award of compensatory damages sufficient to make Plaintiffs whole for the harm caused by Defendant's conduct;

E. An award of punitive damages in an amount to be determined at trial;

COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

SHM LAW FIRM
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

Case 3:25-cv-00828-D-RJ    Document 1    Filed 05/03/25    Page 15 of 17

F. An award of reasonable attorneys' fees and costs pursuant to 35 U.S.C. § 285, Cal. Bus. & Prof. Code § 17200 et seq., and/or the Court's inherent authority, based on Defendant's bad-faith enforcement actions and failure to conduct a reasonable pre-filing investigation despite receiving multiple detailed notices of non-infringement;

G. An award of Plaintiffs' costs in this action;

H. All such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury on all claims and issues so triable.

DATED: May 3, 2025

**SHM LAW FIRM**

By: */s/ Hongchang Deng*
Hongchang Deng (Cal. Bar No. 354529)
Deng.hongchang@shm.law
SHM LAW FIRM
25F, China Resources Tower
2666 Keyuan South Road, Nanshan
Shenzhen, 518052, China
M: +8618681567690

*Attorneys for Plaintiffs*
*GUANGZHOU SHANSHUI TONGXUN SHEBEI YOUXIAN GONGSI*
*HK SANLI TRADING CO., LIMITED*
*HONGKONG YUANHONG ET LIMITED*
*SHEN ZHEN SHI MA SI KA KE JI YOU XIAN GONG SI*

COMPLAINT FOR
DECLARATORY JUDGMENT
AND OTHER RELIEF

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

Case 3:25-cv-00828-D-RJ    Document 1    Filed 05/03/25    Page 16 of 17

*SHENZHEN SHI SHUN XING TONG KE JI YOU XIAN GONG SI*

COMPLAINT FOR
DECLARATORY JUDGMENT
AND OTHER RELIEF

Case 3:25-cv-00828-D-RJ   Document 1   Filed 05/03/25   Page 17 of 17

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737