UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUANGZHOU SHANSHUI TONGXUN SHEBEI YOUXIAN GONGSI, et al., <br><br>Plaintiffs, <br><br>v. <br><br>PHONE LASSO, LLC, <br><br>Defendant. | Case No. 25-cv-03864-SVK <br><br>**ORDER ON MOTION TO DISMISS** <br>Re: Dkt. No. 12 |

## I. INTRODUCTION AND BACKGROUND

Plaintiffs Guangzhou Shanshui Tongxun Shebei Youxian Gongsi, HK Sanli Trading Co., Limited, Hongkong Yuanhong Et Limited, Shen Zhen Shi Ma Si Ka Ke Ji You Xian Gong Si, and Shenzhen Shi Shun Xing Tong Ke Ji You Xian Gong Si (collectively, "Plaintiffs") are companies based in Mainland China and Hong Kong that sell cell phone accessories such as phone lanyards through Amazon.com's online marketplace. *See* Dkt. 1 (Complaint) ¶¶ 4-8, 18-23. Defendant Phone Lasso, LLC ("Phone Lasso") is a limited liability company organized under the laws of the State of North Carolina and has its principal place of business and sole corporate office in Raleigh, North Carolina. *See id.* ¶ 9; *see also* Dkt. 12-1 (Hedrick Decl.) ¶ 2.

On or about April 15, 2025, Phone Lasso initiated an Amazon Patent Evaluation Express ("APEX") proceeding in which it accused Plaintiffs' phone lanyards of infringing Phone Lasso's United States Patent No. 8,523,031 ("the '031 Patent"). Dkt. 1 ¶¶ 9, 11, 24. The Parties' briefs on the present motion to dismiss explain that Amazon's APEX program is a streamlined process in which a patent owner or licensee can notify Amazon of potential infringement by a seller using the Amazon online marketplace. *See* Dkt. 12 at 3; Dkt. 12-2 (Heard Decl.) ¶¶ 2-4; Dkt. 17 at 5-9. A neutral evaluator then evaluates whether the accused product more likely than not infringes

1  upon the asserted patent. *Id.* If the evaluator finds that infringement is likely, the accused products are delisted from Amazon. Dkt. 12-2 ¶ 3. If district court litigation is initiated between the parties during pendency of the APEX proceeding, the APEX proceeding is typically terminated. *Id.* ¶ 4.

In this case, after Phone Lasso initiated the APEX proceeding, Plaintiffs' counsel provided a non-infringement analysis and asked Phone Lasso to withdraw the APEX complaint. Dkt. 1 ¶ 37. At the time Plaintiffs filed this lawsuit on May 3, 2025, Plaintiffs had not received any indication that Phone Lasso had withdrawn or modified its APEX action. *Id.* ¶ 38.

The Complaint in this lawsuit contains the following causes of action: (1) declaratory judgment of non-infringement of the '031 Patent; (2) unfair competition under California Business & Professions Code § 17200; and (3) tortious interference with economic relations. Dkt. 1. All Parties have consented to the jurisdiction of a magistrate judge. Dkt. 8, 13.

Now before the Court is Phone Lasso's motion to dismiss the Complaint for lack of personal jurisdiction under Rule 12(b)(2), improper venue under Rule 12(b)(3), and failure to state a claim upon which relief can be granted under Rule 12(b)(6). Dkt. 12. This matter is suitable for determination without a hearing. Civ. L.R. 7-1(b). For the reasons discussed below, the Court concludes that it **LACKS PERSONAL JURIDICTION** over Phone Lasso and **TRANSFERS** this case to the United States District Court for the Eastern District of North Carolina.

**II. DISCUSSION**

**A. Personal Jurisdiction**

**1. Legal standard – Rule 12(b)(2)**

A party may challenge the Court's personal jurisdiction over it by bringing a motion under Federal Rule of Civil Procedure 12(b)(2). A Rule 12(b)(2) motion "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b).

When a defendant raises a challenge to personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper. *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015). The plaintiff may meet this burden by submitting evidence such as affidavits and discovery materials. *Id.* Where the defendant's motion is based on written materials rather than

an evidentiary hearing, "the plaintiff need only make a *prima facie* showing of jurisdictional facts to withstand the motion to dismiss." *Id.* (internal quotation marks and citation omitted). Although "the plaintiff cannot simply rest on the bare allegations of its complaint," in evaluating the plaintiff's showing, the court must accept uncontroverted allegations in the complaint as true and resolve disputed facts in the plaintiff's favor. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004); *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2010).

Federal Circuit law governs personal jurisdiction in patent cases. *See Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356, 1361 (Fed. Cir. 2006) ("[t]he issue of personal jurisdiction in a declaratory action for non-infringement is 'intimately related to patent law' and thus governed by Federal Circuit law regarding due process") (internal citations omitted); *see also MG Freesites Ltd. v. DISH Techs., L.L.C.,* 712 F. Supp. 3d 1318, 1324 (N.D. Cal. 2024). Under Federal Circuit law, personal jurisdiction over a nonresident defendant is proper if the forum state's long-arm statute permits jurisdiction and the assertion of jurisdiction does not violate due process. *MG Freesites*, 712 F. Supp. 3d at 1324. California's long arm statute "allows courts to exercise personal jurisdiction to the extent permitted by the Due Process Clause of the United States Constitution" and thus the defendant must have certain "minimum contacts" with the forum state, "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Ranza*, 793 F. 3d at 1068 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks and citation omitted)).

A federal district court may exercise either general or specific personal jurisdiction over a defendant. *Daimler AG v. Bauman*, 571 U.S. 117, 127-28 (2014). General jurisdiction exists when the defendant's contacts "are so continuous and systematic as to render [it] essentially at home in the forum State." *Id.* at 139 (internal quotation marks and citation omitted). "With respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction." *Id.* at 137 (internal quotation marks, citation, and alteration omitted). In contrast, specific jurisdiction exists when the defendant has more limited contact with the forum state, but the plaintiff's claims arise out of or relate to those contacts. *Id.* at 128.

The Federal Circuit has established a three-factor test for whether a court can exercise specific personal jurisdiction that considers (1) whether the defendant has purposefully directed its

3

activities at residents of the forum; (2) whether the claim arises out of or relates to the defendant's forum-related activities; and (3) whether assertion of personal jurisdiction is reasonable and fair. *SnapPower v. Lighting Defense Group*, 100 F.4th 1371, 1374 (Fed. Cir. 2024). Where the first two factors are satisfied, specific jurisdiction is "presumptively reasonable," and the burden shifts to the defendant to present "a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Id.* at 1375 (internal quotation marks and citation omitted).[1]

### 2. Discussion

Phone Lasso argues that Plaintiffs cannot establish that Phone Lasso is subject to either general or specific jurisdiction in California. Dkt. 14 at 6-9. Plaintiffs do not claim that the Court has general jurisdiction over Phone Lasso; instead, they argue that specific jurisdiction exists. *See* Dkt. 17 at 2-4. Plaintiffs have not submitted affidavits concerning Phone Lasso's contacts with California but instead rely primarily on the allegations of the Complaint. *See id.* at 2-4.[2] Accordingly, the Court must determine whether Plaintiffs have made a prima facie showing that California has specific jurisdiction over Phone Lasso under the legal standards discussed above.

On the first prong of the specific jurisdiction analysis, which considers whether Phone Lasso purposefully directed its activities towards California, Plaintiffs argue that "Phone Lasso's bad-faith APEX complaint was expressly aimed at removing Plaintiffs' Amazon listings, thereby cutting off sales into California and triggering disruption of Plaintiffs' business activities in this District." Dkt. 17 at 4; *see also* Dkt. 1 ¶ 16 ("Defendant's enforcement actions, including its

---

[1] In addition to claim for a declaration of non-infringement of the '031 Patent, the Complaint contains claims for unfair competition and tortious interference with economic relations. Dkt. 1. As pertinent to Plaintiff's non-patent claims, the Ninth Circuit employs a similar test for whether a court may exercise specific jurisdiction over a nonresident defendant: (1) the defendant must either "purposefully direct his activities" toward the forum or "purposefully avail[] himself of the privileges of conducting activities in the forum"; (2) "the claim must be one which arises out of or relates to the defendant's forum-related activities"; and (3) "the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068–69 (9th Cir. 2017) (citation omitted). Where a case sounds in tort, the Ninth Circuit employs the purposeful direction test, also referred to as the "effects" test, under which the defendant must have "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Id.* (citation omitted).

[2] Plaintiffs have also submitted certain documents regarding Amazon's APEX program in connection with their arguments as to venue. *See* Dkt. 17 at Exs. 7-9 to Dkt. 17.

APEX complaint to Amazon, directly threaten Plaintiffs' product listings and sales activities that occur, in part, within this District. Plaintiffs sell products nationwide, including to customers located in California, and the impact of Defendant's actions is felt within this District"). In support of this argument, Plaintiffs cite the Federal Circuit's 2024 decision in *SnapPower*, which held that the out-of-state defendant purposely directed its patent enforcement activities in the form of an APEX complaint at the plaintiff (SnapPower) in the forum state of Utah, intending effects which would be felt in Utah. *SnapPower*, 100 F.4th at 1375.

*SnapPower* is distinguishable from this case because there the plaintiff (SnapPower), which was the target of an out-of-state patent holder's APEX complaint, was a Utah company with its principal place of business in Utah. *See id.* at 1373. As such, there could be little doubt that "[i]f SnapPower took no action [in response to the APEX complaint], its [Amazon] listings would be removed, which would necessarily affect sales and activities in Utah." *Id.* at 1375. The Federal Circuit explained that its decision was "consistent with our sister circuits" and in discussing various out-of-circuit cases emphasized that they involved alleged infringers located in the forum state. *Id.* at 1375-76 and cases cited therein. One other district court in the Ninth Circuit has characterized *SnapPower*'s finding that the "vague effects" on Utah of the APEX complaint in that case were "entirely reliant on the plaintiff's sheer presence in that forum." *Dadbod Apparel LLC v. Hildawn Design LLC*, No. 2:24-cv-0188-DJC-AC, 2025 WL 449278, at *7 (E.D. Cal. Feb. 10, 2025).

By contrast, the Plaintiffs in this case are companies based in Mainland China and Hong Kong, not the forum state of California. The crux of Plaintiffs' argument as to why Phone Lasso's conduct in filing an APEX complaint was directed at California appears to be that the APEX proceeding risked disruption of the foreign Plaintiffs' sales through Amazon to customers located in California. *See* Dkt. 1 ¶ 16 ("Defendant's enforcement actions, including its APEX complaint to Amazon, directly threatens Plaintiffs' product listings and sales activities that occur, in part, within this District. Plaintiffs sell products nationwide, including to customers located in California, and the impact of Defendant's actions is felt within this District"); *see also id.* ¶ 12 (alleging that Defendant's initiation of an APEX proceeding "created a direct and foreseeable impact on Plaintiffs' business in this District, including the potential delisting of Plaintiffs' products and disruption of their business operations in California"). Plaintiffs cite no authority in

support of their argument that initiating an APEX proceeding subjects a patent owner to specific personal jurisdiction in any forum state where sales are made, even if the alleged infringer is not located in that jurisdiction.

Plaintiffs' focus on *their* activities in the forum state of California (*i.e.*, sales to California-based customers) is also in tension with the principle that a determination of express aiming must be based on the *defendant's* own contacts with the forum, "not simply the fact that Defendant[] knew Plaintiff[s] were connected to that forum." *Dadbod Apparel*, 2025 WL 449278, at *5 (citing *Walden v. Fiore*, 571 U.S. 277 (2014) and *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064 (9th Cir. 2017)). The Supreme Court has made clear that the relationship between the defendant and the forum state must arise out of contacts that the "defendant *himself*" created. *Walden,* 571 U.S. at 284 (emphasis in original). "[T]he plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum state that is the basis for its jurisdiction over him." *Id.* at 285. The Federal Circuit explained in *SnapPower* that its holding was consistent with *Walden* because "the intended effect [of the APEX proceeding] would necessarily affect marketing, sales, and other activities within Utah," where the plaintiff was based. *SnapPower,* 100 F.4th at 1377. Here, by contrast, Phone Lasso's initiation of the APEX proceeding would not "necessarily affect" activities within California in the same manner because Plaintiffs are not based here.

On the issue of whether Phone Lasso itself has engaged conduct in California that might subject it to personal jurisdiction here, Phone Lasso has presented evidence that it has not done any business or engaged in any California-related activities. Dkt. 12 at 2, 7-8; Dkt. 12-1 (Hedrick Decl.) ¶¶ 1-13. Specifically, Phone Lasso has presented evidence that it is a North Carolina limited liability company with its principal place of business and sole corporate office in Raleigh, North Carolina; it does not manufacture lanyards in the State of California; its documents and personnel are located in North Carolina; and it has no employees or physical presence in California. *Id.* ¶¶ 2-8.

To be sure, the Federal Circuit has held that a defendant patent holder's activities in a forum may subject it to personal jurisdiction in that forum if those contacts "relate in some material way to the enforcement or defense of the patent." *MG Freesites,* 712 F. Supp. 3d at 1328 (quoting *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1336 (Fed. Cir. 2008)).

More specifically, the Federal Circuit has held the following enforcement and defense activities are sufficient to confer specific jurisdiction over a defendant patent holder: (1) exclusive license agreements with a forum resident; (2) prior patent enforcement actions within the forum; and (3) sending cease-and-desist letters to the forum directed to a purported infringer located in the forum when done in conjunction with other activities. *MG Freesites*, 712 F. Supp. 3d at 1327-28 and cases cited therein. Here, however, Phone Lasso has presented unrebutted evidence that it has not engaged in any such patent enforcement or defense activities in California. Dkt. 12-1 ¶¶ 10-13. Specifically, Phone Lasso does not believe it has engaged in the APEX program with a California-based company; it has not entered into any exclusive licensing agreements regarding the patent-in-suit with a resident of California; it has not engaged in prior patent enforcement actions within California and has never communicated a threat of patent enforcement to or within California; and it has not hired a California attorney except for this local counsel in this case. *Id.* Plaintiffs do not rebut any of this evidence. *See* Dkt. 17. Thus, although Plaintiffs attempt to bring Phone Lasso's initiation of APEX proceedings under the umbrella of patent enforcement activities that might subject it to personal jurisdiction in California, what is missing is any particular link between initiation of the APEX proceeding and California that would make this case analogous to *SnapPower*.

Accepting the uncontroverted allegations in the Complaint as true, Plaintiffs have not made a prima facie showing that Phone Lasso purposefully directed its activities toward California. Because Plaintiffs have failed to satisfy the first prong of the Ninth Circuit's test for specific personal jurisdiction, the Court need not reach the second prong (whether the claims in the case arise out of or relate to the defendant's activities in the forum) or third prong (whether the exercise of personal jurisdiction would be reasonable).

Having concluded that it lacks personal jurisdiction over Phone Lasso, the Court must next decide whether to dismiss or transfer this case. *See* 28 U.S.C. § 1631 (if court finds there is want of jurisdiction it "shall, if it is in the interest of justice, transfer such action … to any other such court in which the action … could have been brought at the time it was filed or noticed"). In deciding whether "the interest of justice" favors transferring rather than dismissing the case outright, the court must consider the basic equities of the case, including factors such as judicial economy, the possible application of the statute of limitations, and the relative injustice imposed

on each side. *See Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 467 (1962); *Citizens for a Better Environment—Calif. v. Union Oil Co. of Calif.*, 861 F.Supp. 889, 898 (N.D. Cal. 1994), *aff'd* 83 F.3d 1111 (9th Cir. 1996). Phone Lasso does not offer persuasive reasons why the interest of justice favors dismissal rather than transfer and in fact suggests that transfer would be appropriate if the Court finds personal jurisdiction is lacking. *See* Dkt. 22 at 7-10. The Court concludes that "transfer will be in the interest of justice because … dismissal of an action that could be brought elsewhere is 'time-consuming and justice-defeating.'" *Fitbit, Inc. v. Koninklijke Philips N.V.,* No. 20-cv-02256-RS, 2020 WL 13064714, at *4 (N.D. Cal. July 9, 2020)(quoting *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990)).

The Parties disagree on which transferee forum is appropriate. Plaintiffs argue that any transfer should be to the Western District of Washington, where Amazon is headquartered, because Phone Lasso initiated the APEX proceeding with Amazon (including signing an APEX agreement with Amazon that provided for jurisdiction and venue in the federal and state courts located in King County, Seattle, Washington) and because Plaintiffs have long sold products on Amazon's platform. Dkt. 17 at 6-10. Phone Lasso counters by arguing that the Western District of Washington lacks both personal jurisdiction and venue over Phone Lasso and that any transfer should be to its "home district" of the Eastern District of North Carolina. Dkt. 22 at 7-10.

The Court agrees with Phone Lasso that the case should be transferred to the Eastern District of North Carolina, where Phone Lasso is located, not the Western District of Washington. As Phone Lasso points out, the forum selection clause in the APEX agreement relates only to disputes under that agreement. Dkt. 22 at 9-10; *see also* Dkt. 17-5 ¶ 5. Moreover, one court in the Western District of Washington has found that it did not have personal jurisdiction over a case seeking declaratory judgment of patent invalidity despite the patent holder's use of the APEX program. *Jiujiang Xiangmojin Trading Co. v. Interlink Prods. Int'l Inc.,* No. 2:24-CV-02034-LK, 2025 WL 2966307, at *4 (W.D. Wash. Oct. 21, 2025) ("the fact that Defendants leveraged Amazon's APEX Program...to trigger takedown actions targeting Plaintiffs' [products is] not a meaningful contact with this District"). Under these circumstances, the case should be transferred to the Eastern District of North Carolina, not the Washington district court.

### B. Other arguments for dismissal

Because the Court concludes that it does not have personal jurisdiction over Phone Lasso and that the case should be transferred, it does not reach Phone Lasso's arguments that venue here is improper or that Plaintiffs have failed to state a claim for tortious interference.

## III. CONCLUSION

For the reasons discussed above, the Court concludes that it **LACKS PERSONAL JURISDICTION** over Phone Lasso and **TRANSFERS** this case to the United States District Court for the Eastern District of North Carolina.

**SO ORDERED.**

Dated: December 22, 2025

_____
SUSAN VAN KEULEN
United States Magistrate Judge